# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

GERARD BURTON, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:19-CV-83–HEH
)
ANDREW M. SAUL,[1] )
Commissioner of Social Security, )
)
        Defendant. )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation of the Magistrate Judge)

THIS MATTER is before the Court on a Report and Recommendation ("R&R," ECF No. 13) from then-United States Magistrate Judge David Novak filed on August 19, 2019, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 11 and 12), which Plaintiff and Defendant respectively filed on April 29, 2019 and June 10, 2019. Plaintiff objected to the R&R, and Defendant responded thereto. The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid this Court in its decisional process.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

---

[1] On June 4, 2019, the United States Senate confirmed Andrew M. Saul to a six (6) year term as the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul will be substituted for former Acting Commissioner Nancy A. Berryhill as the defendant in this matter.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The immediate case involves Plaintiff's application for Social Security Disability Benefits under the Social Security Act (the "Act"). In Plaintiff's application, he alleged disability from spinal stenosis, which began on August 28, 2014. The Social Security Administration denied Plaintiff's claim, both initially and upon reconsideration. An Administrative Law Judge ("ALJ") then held a hearing at Plaintiff's request and denied Plaintiff's application in a subsequent written decision. The ALJ followed a five-step evaluation process, pursuant to Social Security Administration regulations, in making the disability determination. *See Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) ("[T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work."); 20 C.F.R. § 404.1520(a)(4). Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), which was used during the

2

remaining steps of the evaluation process. *See* 20 C.F.R. § 404.1520(a)(4), (e); 20 C.F.R. § 404.1545(a).

Based on the five-step process and a vocational expert's testimony, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. Plaintiff then sought review of the ALJ's decision in this Court.

The Magistrate Judge considered two challenges brought by Plaintiff: (1) whether the ALJ allegedly erred in assessing Plaintiff's credibility by relying solely on objective medical evidence to discount Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his pain, considering the type of daily activities that Plaintiff could perform without considering the extent to which Plaintiff could perform them and characterizing Plaintiff's course of treatment as conservative; and (2) whether the ALJ allegedly erred in assessing Plaintiff's residual functional capacity ("RFC") by failing to conduct an explicit function-by-function analysis, failing to explain how Plaintiff's obesity affected his RFC, and failing to account for his need to rest. The Magistrate Judge determined, with respect to the first issue, that substantial evidence supports the ALJ's assessment of Plaintiff's credibility, despite the fact that the ALJ failed to consider the extent to which Plaintiff could perform daily activities. With respect to the second issue, the Magistrate Judge found that the ALJ provided a sufficient narrative discussion to support the RFC assessment, properly considering how Plaintiff's impairments impacted his functional capacity.

Accordingly, the Magistrate Judge recommended to this Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On August 30, 2019, Plaintiff filed an Objection to the Magistrate Judge's R&R (ECF No. 14). Plaintiff claims that the ALJ erred by failing to consider the extent to which Plaintiff could perform daily activities in determining the credibility of Plaintiff's testimony. Thus, Plaintiff argues, the Magistrate Judge improperly applied the harmless error doctrine in the R&R by not considering the requisite, relevant factors. Plaintiff also claims that this failure was compounded because it affected the ALJ's basis for establishing Plaintiff's RFC. Accordingly, Plaintiff asks this Court to overrule the R&R, grant Plaintiff's Motion for Summary Judgment, and reverse and remand the final decision of the Commissioner. In her Response (ECF No. 15), Defendant argues that the Magistrate Judge expressly considered the relevant factors, and that Plaintiff failed to demonstrate that the outcome would have been different had the ALJ further discussed Plaintiff's capacity to perform certain daily activities or that he was prejudiced by the ALJ's error.

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were

reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is more than "a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

In line with this standard, having reviewed the record, Plaintiff's objections, and the Magistrate Judge's detailed R&R, this Court finds that the Magistrate Judge applied the proper standard and that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff,

5

which were properly reviewed and rejected by the Magistrate Judge. Accordingly, Plaintiff's objections will be overruled.

For these reasons, the Court HEREBY ACCEPTS and ADOPTS the Magistrate Judge's R&R (ECF No. 13). Plaintiff's Motion for Summary Judgment is DENIED (ECF No. 11), and Defendant's Motion for Summary Judgment is GRANTED (ECF No. 12). The final decision of the Commissioner is AFFIRMED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Feb. 21, 2020
Richmond, VA